# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS AUGUST 24, 2007

## ROBERT ROYSDEN V. GLEN TURNER, WARDEN

**An Appeal from the Chancery Court for Hardeman County**
**No. 16102      Martha Brasfield, Chancellor**

_____

**No. W2007-01144-COA-R3-CV  - Filed December 18, 2007**
_____

This is an appeal of a habeas corpus petition filed by a prisoner. The appellant prisoner filed a petition for writ of a habeas corpus in the chancery court. The chancery court denied the prisoner's habeas petition. The prisoner appealed. We vacate the judgment and dismiss the petition, finding that the chancery court did not have jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and the Appeal is Dismissed for Lack of Subject Matter Jurisdiction**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J. W.S. and ALAN E. HIGHERS, J., joined.

Robert Roysden, pro se, Whiteville, Tennessee.

David H. Findley, Nashville, Tennessee, for the appellee, Glen Turner.

## OPINION

The appeal involves a habeas corpus petition filed by Petitioner/Appellant Robert Roysden, currently serving a forty-one year prison sentence at the Hardeman County Correctional Facility in Whiteville, Tennessee. The history of his conviction is set forth in an opinion by the Tennessee Court of Criminal Appeals:

> The petitioner was indicted by the Roane County Grand Jury on one count of first degree premeditated murder, two counts of first degree felony murder, one count of theft of property over $500, a Class E felony, and three counts of forgery, also a Class E felony, based on his March 5, 2000, participation with a codefendant in the murder of an elderly woman acquaintance during the course of a robbery and theft. On April 2, 2002, the petitioner pled guilty to one count of second degree murder, one count of theft of property over $500, and three counts of forgery in exchange for the dismissal of the remaining counts of the indictment and the dismissal of a subsequent attempted escape charge pending against him. Pursuant

to the terms of his plea agreement, the petitioner was sentenced as a Range II offender to forty years at 100% for the second degree murder conviction, two years for the theft conviction, and one year for each of the forgery convictions. All of the sentences were ordered to be served concurrently with the exception of one of the forgery sentences, which was ordered to be served consecutively to the forty-year sentence for second degree murder, for a total of forty-one years.

*Roysden v. State*, No. E2005-00113-CCA-R3-PC, 2005 WL 3071568, at *1 (Tenn. Crim. App. Nov. 16, 2005), *app. denied*, (Tenn. March 27, 2006). After pleading guilty, Roysden sought post-conviction relief, asserting that his guilty plea was neither knowing nor voluntary, due to ineffective assistance of counsel. The trial court denied Roysden's petition, finding that his plea was knowing and voluntary. Roysden appealed, and the Court of Criminal Appeals affirmed.

Dissatisfied with this result, Roysden filed a petition for writ of habeas corpus in the Chancery Court of Hardeman County, Tennessee. In his petition, Roysden argued that his guilty plea was unconstitutional because the trial court did not address him personally in open court regarding whether he was entering his guilty plea voluntarily, knowingly, and with understanding. The Chancery Court denied Roysden's habeas petition, finding that the substance of the claim had previously been determined. From that dismissal, Roysden now appeals.

On appeal, Roysden again argues that his guilty plea was neither knowing nor voluntary, and seeks habeas corpus relief on that basis.

At the outset, we must address the trial court's subject matter jurisdiction, even though neither party has raised the issue. *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001); Tenn. R. App. P. 13(b). Subject matter jurisdiction involves a court's power to adjudicate a matter before it. *First Am. Trust*, 59 S.W.3d at 140 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). "Issues concerning subject matter jurisdiction are so important that appellate courts must address them even if they were not raised in the trial court." *Id.* A judgment or order entered by a court without subject matter jurisdiction is void, and we must vacate such an order and dismiss the case without reaching the merits. *Id.* at 141; *see Moore v. Teddleton*, No. W2005-02746-COA-R3-CV, 2006 WL 3199273, at *4 (Tenn. Ct. App. Nov. 7, 2006).

Section 29-21-101 of the Tennessee Code Annotated states: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). The writ of habeas corpus "may be granted by any judge of the circuit or criminal courts, or by any chancellor *in cases of equitable cognizance*." T.C.A. § 29-21-103 (2000) (emphasis added). In the context of its discussion of the concurrent jurisdiction of the circuit and chancery courts, the treatise GIBSON'S SUITS IN CHANCERY addresses this limitation on the authority of the chancery court: "Chancery Court has no jurisdiction of criminal matters, and a Chancellor may not grant the writ to enquire into the restraint of prisoners or the validity of a criminal conviction. The limiting words 'in cases of equitable cognizance' refer to restraints not criminally imposed or sanctioned." GIBSON'S SUITS IN CHANCERY, § 1.08, fn. 43 (8th ed. 2004). Thus, the chancery courts have jurisdiction over equitable matters but lack jurisdiction over criminal matters. *See id.*

In this case, Roysden filed a petition for a writ of habeas corpus in the Chancery Court of Hardeman County, Tennessee. In his petition, Roysden argued that his guilty plea was neither knowing nor voluntary because the trial court did not address him personally in open court to determine whether he was entering his guilty plea voluntarily, knowingly, and with understanding. Clearly, he asks the Chancery Court to inquire and consider the validity of his guilty plea and his resulting conviction, a matter outside the jurisdiction of the Chancery Court. Accordingly, we must conclude that the Chancery Court of Hardeman County, Tennessee lacked subject matter jurisdiction to consider Roysden's petition for a writ of habeas corpus. Therefore, we vacate the judgment of the Chancery Court and dismiss the petition for lack of subject matter jurisdiction. This holding pretermits the issues raised in this appeal.

The judgment of the trial court is vacated and the appeal is dismissed for lack of subject matter jurisdiction. Costs on appeal are to be taxed to the Appellant, Robert Roysden, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE