**FILED**

**February 3, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 1:20 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Reginald L. Watson | )    Docket No.    2015-06-1358 |
| | ) |
| v. | )    State File No. 93345-2015 |
| | ) |
| Labor Smart, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded - Filed February 3, 2017

---

The employee in this interlocutory appeal was unloading a truck when he fell approximately four feet and struck his left side and head on the ground. The trial court, following an evidentiary hearing, awarded temporary disability benefits to the employee. The employer filed a notice of appeal and, shortly thereafter, the employee filed a motion in the trial court asking the court to alter or amend its decision. The trial court ruled that, notwithstanding the filing of the notice of appeal, it had jurisdiction to act on the employee's motion to alter or amend. The trial court then rescinded its order awarding temporary disability benefits, issued another order awarding the identical benefits, and addressed additional issues raised by the employee's motion to alter or amend. The employer filed a second notice of appeal, arguing that the employee's proof was insufficient to support the award of temporary disability benefits. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Christen C. Blackburn and Jordan T. Puryear, Nashville, Tennessee, for the employer-appellant, Labor Smart, Inc.

Thomas W. Tucker, III, and Denise L. Martin, Nashville, Tennessee, for the employee-appellee, Reginald L. Watson

1

**Factual and Procedural Background**

Reginald Watson ("Employee") suffered injuries on July 18, 2015, when he fell from the back of a truck while unloading furniture in the course and scope of his employment with Labor Smart, Inc. ("Employer"). He described falling approximately four and a half feet to the ground, striking his leg against the ramp leading down from the truck to the ground, landing on his left hip and side, and striking his head on the concrete when he landed. Two co-workers were present, and there is no dispute that the fall occurred. Employee did not seek immediate medical treatment but continued to work that day despite experiencing pain from his fall. His fiancée had to drive him home from work.

Employee sought treatment the following day at Nashville General Hospital, reporting low back pain as a result of falling from a truck at work. The record of that visit reflects that Employee denied suffering head trauma. At the expedited hearing, Employee testified that this note was inaccurate, stating that he had reported striking his head on the concrete to the attending physician. He returned to Nashville General Hospital on August 2, 2015, and was diagnosed with a low back strain.

Employee began treating with his own physician, Dr. Jule West, on October 5, 2015. He reported falling off the back of a truck and striking his back, hip, and head on concrete. He also complained of severe headaches as a result of hitting his head that interfered with his ability to function. In follow-up appointments with Dr. West, he continued to complain of disabling headaches accompanied by back pain and depression. Testing of Employee's head and brain were normal except for mild paranasal sinus disease. Employee continued to complain of problems associated with head trauma that were worsening, and Dr. West referred him for a neurological evaluation. The neurologist concluded Employee's condition did not require surgery.

Employee returned to Dr. West on April 8, 2016, reporting that he was incapacitated by the severity of his headaches and that his symptoms had worsened and had become constant. Dr. West's records reflect that Employee suffered a loss of consciousness when he fell, but Employee testified that he did not, in fact, lose consciousness. Employee also complained of episodes of syncope after the fall, one of which resulted in his being transported to an emergency room. It is unclear what the results of that visit were, as those records were not introduced into evidence.

On June 1, 2016, Dr. West provided correspondence indicating that she could not comment on certain aspects of Employee's initial injuries and treatment and that, because she was not a spine specialist, she could not state with a reasonable degree of medical certainty that the fall caused bulging discs in his neck. However, she did opine with a reasonable degree of medical certainty that Employee had "severe and persistent posttraumatic headache since the time of injury," and that "this has required extensive

2

evaluation by neurology and multiple modalities to control pain." According to Dr. West, "it would be impossible for [Employee] to sustain any consistent and regular employment secondary to pain and lack of function due to his headaches." Dr. West also completed a questionnaire indicating that this condition arose primarily from his fall from the truck and that it prevented him from working since the date of the fall.

Following an evidentiary hearing at which Employee and his fiancée were the only witnesses to testify, the trial court awarded temporary disability benefits. The court's order notes that both Employee and his fiancée were credible witnesses and that Dr. West's opinion was the only medical opinion that had been presented. The trial court ordered temporary disability benefits from September 2, 2015, and ongoing, as Employee's last day at work was September 1, 2015.

Employer appealed and, within hours of the filing of the notice of appeal, Employee filed a motion in the trial court to alter or amend, asking the court to make "appropriate" findings of fact and conclusions of law. The motion, which did not cite any authority for its filing, asked the trial court to address issues concerning the employee's compensation rate, whether a penalty should be imposed on Employer for not timely paying benefits, whether Employee's attorney was entitled to attorney's fees, and whether Dr. West should be deemed the authorized treating physician. Employer responded, in part, by questioning whether the trial court retained jurisdiction over the claim given that an appeal had been filed.

The trial court subsequently issued an order finding that it retained jurisdiction to alter or amend its order awarding benefits, notwithstanding the fact the order had been appealed. The trial court explained that

> [b]ecause both the [motion to alter or amend and the notice of appeal] were filed on the same day, and within the seven day period for filing an appeal of an interlocutory order, the Court retained jurisdiction to consider the [motion to alter or amend]. Judicial economy dictates that where a deficiency in a written order is brought to the attention of the trial court before the period for filing an appeal has run, the trial court has authority to correct errors in the order before transferring the file for appeal. To rule otherwise would result in needless legal process at the appellate level only to have the case remanded to address issues that should have been addressed in the challenged order.

The trial court went on to grant Employee's motion in part, stating it would issue an amended order and rescind its initial order which, according to the trial court, would then trigger the time in which an appeal could be filed.

3

Thereafter, the trial court issued an amended order that resolved the issues raised in Employee's motion to alter or amend. Specifically, the court declined to award benefits based on the maximum compensation rate as Employee had requested, awarded attorney's fees to Employee's attorney, and directed Employer to submit evidence as to why it should not be required to pay a penalty. The trial court declined to address the issue raised by Employee regarding Dr. West, as the parties had agreed at the expedited hearing that temporary disability benefits were the only issue in dispute at that time. And, as it had done in its initial order that was rescinded while this appeal was pending, the trial court awarded temporary disability benefits.[1] Employer then filed a second notice of appeal.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;
(B)  Exceed the statutory authority of the workers' compensation judge;
(C)  Do not comply with lawful procedure;
(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer does not challenge any of the trial court's rulings except the award of temporary disability benefits. According to Employer, the trial court erred in awarding those benefits because Employee failed to present evidence of a causal connection between his headaches and the work injury. Employer relies on inconsistencies within the medical records and particularly within Dr. West's records to support its assertion that

---

[1] In the first paragraph of both of the trial court's orders awarding temporary disability benefits, the trial court indicated it was awarding benefits from September 1, *2016*, and ongoing. We assume this to be a typographical error in both orders, as the evidence upon which the trial court relied in ordering benefits reflects that Employee was unable to work starting September 1, *2015*, and the amount of temporary benefits awarded is consistent with an award from that date. In addition, at the conclusion of each order, the trial court used 2015, not 2016, as the pertinent year.

the medical proof supporting the award is unreliable. Employer also asserts the trial court improperly shifted the burden of proof to Employer by noting that Dr. West's opinion was the only medical opinion submitted. Lastly, Employer argues that Employee has not demonstrated that any inability to work is causally related to his work injury. We are not persuaded by these arguments.

A.

As noted above, the trial court rescinded an order awarding benefits that was pending appellate review and replaced it with an order addressing additional issues. In doing so, the trial court rejected Employer's argument that it lacked jurisdiction over the claim. Thus, as an initial matter, we consider the trial court's exercise of jurisdiction after Employer filed a timely notice of appeal, as questions regarding a court's jurisdiction go to the heart of a court's "lawful authority to adjudicate a controversy brought before it." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). Consequently, the issue of a court's jurisdiction "may be challenged at any time and may be raised by a court on its own motion, even if the parties have not raised the issue." *Turner v. Turner*, 473 S.W.3d 257, 270 (Tenn. 2015).

It is well-settled that the "legal effect of perfecting an appeal is to divest the trial court of further authority to act without leave of the appellate court and to vest jurisdiction in the [appellate court]." *Spann v. Abraham*, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999). For that reason, "[a]ny ruling made after the trial court has lost jurisdiction is void and is a nullity." *Prendergast v. State*, No. M2013-02869-CCA-R3-ECN, 2015 Tenn. Crim. App. LEXIS 1047, at *16 (Tenn. Crim. App. Dec. 29, 2015); *see also Moore v. Teddleton*, No. W2005-02746-COA-R3-CV, 2006 Tenn. App. LEXIS 723, at *16 (Tenn. Ct. App. Nov. 7, 2006) (The trial court, in acting upon a motion to set aside a judgment while an appeal was pending, "lacked jurisdiction to consider [the motion] and its order is void as a nullity."); *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 142 (Tenn. Ct. App. 2001) ("Orders entered by a trial court after it loses jurisdiction are nullities."). The rationale underlying this rule is obvious: permitting a case to proceed through two different courts at the same time, changing as it does so, creates a host of both legal and practical problems for the parties and for the courts. *See First Am. Trust Co.*, 59 S.W.3d at 141 ("These principles keep cases together during the appellate process and prevent undesirable consequences of permitting a case to be pending in more than one court at the same time."); *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994) ("[W]e decline to adopt a rule that would allow a case to be pending in more than one court at a time."). Thus, when a notice of appeal is filed, a trial court, in the absence of a remand, lacks the authority to continue adjudicating the claim.

However, this rule, while broad in scope, is not absolute. Under limited circumstances, trial courts in Tennessee do retain jurisdiction to rule on certain motions

5

specified in the Tennessee Rules of Appellate Procedure.[2]  Specifically, Tennessee Rule of Appellate Procedure 4(e) states that the "trial court retains jurisdiction over the case pending the court's ruling on any timely filed motion" specified in Tennessee Rule of Appellate Procedure 4(b) or (c), one of which is a motion to alter or amend filed pursuant to Tennessee Rule of Civil Procedure 59.04.[3]  In that instance, "the filing of a notice of appeal prior to the filing of the motion . . . does not deprive the trial court of jurisdiction to rule upon the motion."  Tenn. R. App. P. 4(e).  This rule makes clear that

> a trial court does not lose jurisdiction to rule upon a motion [to alter or amend] if the motion was filed within the time permitted by the applicable rule.  A notice of appeal filed prior to the timely filing of [a motion to alter or amend], or prior to the trial court's ruling on the motion, is deemed to be premature and does not deprive the court of jurisdiction to rule upon the motion.

Tenn. R. App. P. 4(e) Advisory Comm'n Cmt. (2013).  If the motion to alter or amend is timely filed, the notice of appeal will be deemed filed "after the entry of the order disposing of the motion and on the day thereof."  Tenn. R. App. P. 4(e).

We find the approach embodied in Tennessee Rule of Appellate Procedure 4(e) to be consistent with the legislative goal of implementing a "fair, equitable, expeditious, and efficient" workers' compensation system.  Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2016).  Simply put, judicial economy is best served by allowing the trial court to resolve the issues brought before it before engaging in appellate review.  Thus, we hold that the Court of Workers' Compensation Claims retains jurisdiction to resolve a timely filed motion to alter or amend the court's decision, and that a notice of appeal filed prior to the filing of the motion, or prior to the trial court's disposition of such a motion, will be considered filed on the day the trial court files its order resolving the motion.  However, we emphasize that a *timely* motion to alter or amend, for our purposes, is one that is filed before the Clerk of the Appeals Board issues a docketing notice pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2015).  This approach is necessary given our statutorily imposed deadlines for deciding appeals – deadlines not contemplated by the Rules of Civil Procedure or Rules of Appellate Procedure.

---

[2] By their own terms, the Tennessee Rules of Appellate Procedure apply to proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals.  Tenn. R. App. P. 1.  While we are not governed by these rules, we do find them instructive.  *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *25 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016) ("Although the Tennessee Rules of Appellate Procedure are not binding on us, they are persuasive authority and we may resort to them for guidance."); *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *12 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016) (The rules of appellate procedure, "while instructive, do not control the appellate process before this Board.").

[3] "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."  Tenn. R. Civ. P. 59.04.

In this case, although Employee's motion to alter or amend does not cite the legal basis for its filing, we will construe it as having been filed pursuant to Tennessee Rule of Civil Procedure 59.04 and, therefore, was a proper motion. Moreover, the motion, along with the trial court's order addressing the motion, was filed before a docketing notice was issued pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.02(2) indicating our receipt of the record on appeal and the commencement of the seven day time period for a decision resolving the appeal. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A). Thus, we consider Employer's initially filed notice of appeal to be premature and filed on the date the trial court issued its order acting on the motion to alter or amend, making the filing of the second notice of appeal irrelevant.

B.

Regarding the trial court's award of temporary disability benefits, we note that an injured worker is eligible for such benefits if (1) the worker became disabled from working due to a compensable injury, (2) there is a causal connection between the injury and the inability to work, and (3) the worker established the duration of the period of disability. *James v. Landair Transp., Inc.*, No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015).

In the present case, there is no dispute that Employee fell more than four feet from the back of a truck while working for Employer. Employee's testimony at the expedited hearing was consistent, and the trial court found him to be a credible witness.[4] He described being unable to work as a result of intractable pain in his head. In support of his assertion, he offered the opinion of Dr. West who opined that Employee had "severe and persistent posttraumatic headache since the time of injury," and that "this has required extensive evaluation by neurology and multiple modalities to control pain." Dr. West concluded that "[c]urrently it would be impossible for [Employee] to sustain any consistent and regular employment secondary to pain and lack of function due to his headaches." She also opined that Employee's condition arose primarily from his fall from the truck and that it prevented him from working since the date of the fall. No contrary medical opinion appears in the record.[5]

Although an injured worker has the burden of proof on every element of his or her claim, at an expedited hearing an employee need not prove every element by a

---

[4] "When the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

[5] Employer contends that by observing that "the court has no other medical opinion at this time [besides Dr. West's opinion]," the trial court impermissibly shifted the burden of proof to Employer. We disagree, as the trial court was simply stating a fact.

preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee would likely prevail at trial consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). We have described the burden of proof at an expedited hearing as a lesser evidentiary standard that "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment . . ., but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at \*6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Based upon our review of the record, we cannot conclude that the trial court erred in finding Employee met this lesser burden of proof in establishing entitlement to temporary disability benefits.

C.

Before concluding, we must address two issues raised by Employee. First, Employee contends that the trial court erred in calculating his benefits, in that the court did not use the "actual workers' compensation rate [of] $194.82" the parties "previously submitted and agreed." This purported error could have been brought to the trial court's attention in Employee's motion to alter or amend but was not. Accordingly, we decline Employee's invitation to remand the case with instructions that the award be recalculated.

Finally, Employee asks that we find Employer's appeal to be frivolous or taken solely for delay and that sanctions be awarded in the form of attorney's fees. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal."). A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). While the issue is close, we are not convinced this appeal is frivolous.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision to award temporary disability benefits. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

**FILED**

**February 3, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:20 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reginald L. Watson | ) | Docket No.   2015-06-1358 |
| | ) | |
| v. | ) | State File No.  93345-2015 |
| | ) | |
| Labor Smart, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Thomas W. Tucker, III** | | | | | X | tomtucker@bellsouth.net |
| **Denise L. Martin** | | | | | X | deniselmartin.vt@gmail.com |
| **Jordan T. Puryear** | | | | | X | jordan.puryear@leitnerfirm.com |
| **Christen C. Blackburn** | | | | | X | christen.blackburn@leitnerfirm.com |
| **Joshua D. Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov