IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 13, 2010 Session

# JESSE ROBERT ANDERSON v. CHRIS (ANDERSON) WEBSTER

**Appeal from the Chancery Court for Dickson County**
**No. 9328-04      Robert E. Burch, Judge**

---

**No. M2009-01691-COA-R3-CV - Filed August 3, 2010**

---

The order that is the subject of this appeal purports to amend the division of marital property as stated in the final judgment. It was entered in response to a motion filed more than a year after the entry of the final judgment. We have determined the motion was untimely because it did not qualify as a Tenn. R. Civ. P. 60 motion; therefore, the order that purports to amend the division of marital property as stated in the final judgment is void. We, therefore, reverse and remand with instructions for the trial court to vacate the order that purports to amend the final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Patti B. Garner and David R. Howard, Gallatin, Tennessee, for the appellant, Jesse Robert Anderson.

Jennifer Davis Roberts, Dickson, Tennessee, for the appellee, Chris (Anderson) Webster.

## OPINION

The parties, Jesse Robert Anderson (Husband) and Chris (Anderson) Webster (Wife) were granted a divorce pursuant to an agreed order entered on October 24, 2006, which expressly reserved the issues of fault, alimony, and martial property distributions for further hearing. Following a series of hearings, one by a Special Master, and a multi-day trial, the trial court entered an order on March 24, 2008 resolving all issues between the parties, including fault, alimony and division of marital property.

The March 24, 2008 order resolved all issues before the trial court and neither party filed an appeal or an appropriate motion seeking relief from the judgment within 30 days of its entry; thus, the March 24, 2008 order became a final judgment on April 24, 2008.

Notwithstanding the fact the March 24, 2008 order was already a final, non-appealable judgment, Wife filed a motion on May 6, 2009 to amend the division of marital property as stated in the final judgment.[1] The trial court granted the motion in an order entered on June 3, 2009, amending the division of the marital property. This appeal followed.

Husband appeals contending the June 3, 2009 order is void because the trial court lacked jurisdiction over the matters in dispute at the time the order was entered.[2] We agree.

### ANALYSIS

The matter at issue presents an issue of law. We review issues of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

As stated above, the March 24, 2008 order, which resolved all issues before the trial court, became a final, non-appealable judgment on April 24, 2008. Once an order becomes a final, non-appealable judgment, the trial court no longer has jurisdiction over the matters formerly in dispute. *Hicks v. Hicks*, 176 S.W.2d 371, 374-75 (Tenn. 1943); *Darty v. Darty*, 232 S.W.2d 59, 62 (Tenn. Ct. App. 1949).

Wife's motion, titled "Motion to Amend the [Final Judgment]," was filed more than a year after the judgment became final. The motion was not filed pursuant to Tenn. R. Civ. P. 60.02, and we have determined the relief sought in the motion did not qualify for Rule 60.02 relief. Wife merely sought to substantially amend the division of marital property because Husband had been recalcitrant by failing to file a Qualified Domestic Relations Order (QDRO) to facilitate the division of the marital property.

The May 6 motion did not qualify for Rule 60.02 relief, and we find no other legal basis upon which the trial court was authorized to amend a judgment that had become final

---

[1]Wife also filed other pleadings and motions in the interim. On August 6, 2008, Wife filed a suit for the Sale and Partition of Real Property and sought additional relief from the court. On January 30, 2009, the trial court entered an order stating that Husband had sixty days to file a Qualified Domestic Relations Order to effectuate the division of martial assets. No such Qualified Domestic Relations Order was filed.

[2]Wife also raises issues on appeal. Our ruling renders the other issues moot, a fact counsel for both parties agreed to during oral argument.

more than a year earlier; therefore, we have determined the trial court lacked jurisdiction to amend the March 24, 2008 final, non-appealable judgment. *See Hicks*, 176 S.W.2d at 374-75; *Darty*, 232 S.W.2d at 62.

Orders issued without jurisdiction are void. *See First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001). The trial court lacked jurisdiction to amend the final judgment; therefore, the June 3, 2009 order is void and must be vacated.

## IN CONCLUSION

The judgment of the trial court is reversed and this matter is remanded with instructions for the trial court to vacate the June 3, 2009 order. Costs of this appeal are assessed against Husband. Although Husband prevailed on the merits in this appeal, and we normally assess costs against the non-prevailing party on the issues, we have elected to assess costs of this appeal against Husband due to Husband's failure to abide by orders of the trial court concerning the QDRO, which is the genesis of this appeal.

_____
FRANK G. CLEMENT, JR., JUDGE