IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 13, 2021 Session

## REGIONS COMMERCIAL EQUIPMENT FINANCE LLC v. RICHARDS AVIATION INC.

**Appeal from the Chancery Court for Shelby County**
**No. CH-14-1463     Walter L. Evans, Judge**

_____

**No. W2020-00408-COA-R3-CV**

_____

In this second appeal, Appellant appeals the trial court's grant of summary judgment on the basis that the ruling is not the product of the trial court's independent judgment. Appellee argues that the trial court's ruling can be affirmed on a different basis, as the trial court erred in denying its motion to alter or amend the judgment to include this additional basis for the judgment in its favor. We agree that the trial court's order does not comply with *Smith v. UHS of Lakeside*, 439 S.W.3d 303 (Tenn. 2014), and so we once again vacate the grant of summary judgment. We decline, however, to reverse the trial court's denial of Appellee's motion to alter or amend.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part; Affirmed in Part and Remanded.**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Bruce S. Kramer and Jacob Webster Brown, Memphis, Tennessee, for the appellant, Richards Aviation, Inc.

Henry C. Shelton and Clarence A. Wilbon, Memphis, Tennessee, for the appellee, Regions Commercial Equipment Finance, LLC.

OPINION

I.     FACTUAL AND PROCEDURAL BACKGROUND

This case involves the purchase of an aircraft, the facts of which were more fully detailed in a prior opinion. *See Regions Com. Equip. Fin., LLC v. Richards Aviation Inc.*, No. W2018-00033-COA-R3-CV, 2019 WL 1949633 (Tenn. Ct. App. Apr. 30, 2019), *perm. app. denied* (Tenn. Sept. 23, 2019) ("***Regions I***"). In 2012, Defendant/Appellant Richards Aviation, Inc. ("Richards"), together in a joint venture with B2 Aviation LLC ("B2"),[1] executed a promissory note "in the principal sum of $ 8,000,000.00, payable to Plaintiff/Appellee Regions Commercial Equipment Finance, LLC [("Regions")], (the "Note") and a security agreement (the "Security Agreement"), wherein Richards and B2 granted Regions a first lien and security interest in the aircraft as collateral for the loan." *Id.* at *1.

On March 31, 2014, Richards recorded a notice of lien with the Shelby County Register's office related to "[m]aintenance, repair, materials furnished, parts and materials, and work[ ] performed on the [aircraft] and related equipment[.]" *Id.* Richards later "filed another notice of lien incorporating the first notice and increasing the amount of claimed expenses to $ 335,988.21[.]" *Id.*

Eventually, on July 30, 2014, Regions informed Richards and B2 that it "considered them to be in breach of the Security Agreement, and that it was accelerating payment of the Note and declaring the balance immediately due and payable." *Id.* at *1. Specifically, Regions alleged that the Richards and B2 breached the terms of the Security Agreement by allowing the liens to be recorded, which constituted an event of default thereunder. Payment was not tendered following the issuance of this notice. *Id.*

On October 2, 2014, Regions filed a verified complaint in the Chancery Court for Shelby County (the "trial court") against Richards and B2 for breach of the Note and Security Agreement.[2] Therein, Regions sought the appointment of a receiver to preserve the value of the collateral. The trial court appointed a receiver the same day, as well as entered a fiat restraining Richards and the other defendants from "transferring, wasting, disposing, and converting all or any portion of any personal property . . . securing the indebtedness." *Id.* Later, the trial court converted the fiat into a preliminary injunction that included more detailed requirements.

Regions filed an amended verified complaint on April 23, 2015. This complaint alleged claims against Richards, B2, Mr. Boldt, and Gary Kennedy, Richards' shareholder, officer, and director. *Id.* at *2. On the same day, Regions also filed a motion for summary judgment, seeking a monetary judgment in the amount of $7,165,390.52, plus post-judgment interest, attorney's fees, and costs. Richards responded in several ways. First, Richards filed a separate complaint for foreclosure of the liens, against Regions, B2, RA-

---

[1] The joint venture was known as RA-B2 Joint Venture ("RA-B2"). *Id.*

[2] Regions also sued B2's manager, Harry Boldt, Jr., who had signed a continuing guaranty agreement in favor of Regions. *Id.*

B2, and the receiver.[3] Second, Richards filed a counterclaim alleging fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation against Regions alone. *Id.* at *2. Third, Richards raised thirteen affirmative defenses. *Id.* Finally, Richards responded in opposition to the motion for summary judgment, disputing that summary judgment was appropriate and asking for additional time for discovery.

On November 5, 2015, Regions filed a motion to dismiss all of Richards' counterclaims. The receiver also filed a motion to dismiss the complaint against him on January 4, 2016. Regions also filed a motion to dismiss the complaint seeking foreclosure of the mechanic or materialman's liens on January 29, 2016.

Regions' motion for summary judgment and motion to dismiss Richards' counterclaims were heard on February 19, 2016. The trial court orally ruled in favor of Regions at the conclusion of the hearing.[4] When no written order was immediately forthcoming, Regions filed a motion asking the trial court to enter an order granting its motions and to designate that order as final under Rule 54.02 of the Tennessee Rules of Civil Procedure, as several claims remained pending, notwithstanding the grant of Regions' two motions. On April 4, 2016, the trial court entered a written order granting Regions'

---

[3] As we explained concerning this filing in ***Regions I***:

Included in the technical record in this case is a separate Complaint filed by Richards against B2, RA-B[2] Joint Venture, John Ryder, in his capacity as Receiver, and Regions, bearing a file-stamped date of March 31, 2015. The complaint does not contain a case number, and the index to the technical record states that the document is "Richards Aviation, Inc.'s Complaint for Foreclosure of Mechanic's and Materialman's Lien (*from consolidated case CH-15-0434-1*)." The record includes an order entered January 6, 2016, consolidating case CH-15-0434-1 with the instant case, along with various pleadings filed that case. To the extent pertinent to the issues herein, we have considered the pleadings in the consolidated case.

2019 WL 1949633, at *1 n.1.

[4] The trial court's oral ruling was as follows:

The Court has considered the well reasoned arguments of both attorneys. And the Court is of the opinion that the motion for summary judgment filed on behalf of Regions Commercial Equipment Finance is well taken and will be granted.

Likewise, the Court is of the opinion that the motion to dismiss filed on behalf of Regions against -- on the motion to dismiss the counter-claim of Richards, likewise, well taken. And the Court will grant the [] motion[] for summary judgement, as well as the motion to dismiss.

Prepare the appropriate order, [counsel for Regions].

***Regions I***, 2019 WL 1949633, at *6.

motion for summary judgment and motion to dismiss Richards' counterclaims. Following a motion for a writ of inquiry, the trial court entered an order on December 2, 2016, granting Regions a judgment against Richards in the amount of $4,320,260.80, which included principal on the Note, interest, and costs. Neither the order granting Regions' motions nor the order of judgment, however, were designated as final judgments under Rule 54.02. As such, a notice of appeal filed by Richards following the order of judgment was voluntarily dismissed for lack of a final judgment.

Eventually, the trial court entered several orders that resulted in a final resolution of this case. First, on May 1, 2017, the trial court entered a consent order granting summary judgment in favor of Regions against Mr. Boldt and setting a writ of inquiry. On August 29, 2017, Regions filed a notice of voluntary dismissal of all its claims against Mr. Kennedy. On October 16, 2017, a consent order was entered noting that all matters between Regions and Mr. Boldt and B2 had "been compromised and settled," and therefore the trial court dismissed all of Regions' claims against those parties with prejudice. On October 25, 2017, an order was entered memorializing the voluntary dismissal of the claims against Mr. Kennedy, which were again dismissed with prejudice.

On November 8, 2017, Richards filed a motion for damages against the receiver. On December 8, 2017, however, the trial court entered a final order granting the receiver's motion to terminate the receivership, discharging the receiver, and denying Richards' motion for damages against the receiver. This order further provided that "all petitions, motions, requests for relief or other pending or unresolved issues before the Court, which have not been addressed by or disposed of by any other Court order entered in this cause, are hereby denied and dismissed." The court finally ordered that no discretionary costs would be awarded and the parties would pay their respective attorney's fees. From this order, Richards appealed.

On the first appeal, Richards raised various arguments concerning the sufficiency of the trial court's orders, as well as the court's denial of Richards' request for additional discovery. Ultimately, we vacated in part and affirmed in part the trial court's ruling. First, as to the trial court's order of summary judgment, we concluded that the trial court's order provided no factual or legal basis for the grant of summary judgment. Accordingly, we vacated the judgment and "remand[ed] [] for reconsideration, with the court to enter an order that complies with Rule 56.04 and that specifically addresses the affirmative defenses raised by Richards." *Regions I*, 2019 WL 1949633, at *8. We affirmed, however, the trial court's decision to dismiss Richards' counterclaims, as well as the order dismissing Richards' motion for damages against the receiver. *Id.* at *9–10. We further ruled that Richards' argument concerning discovery was without merit. *Id.* at *6. Although *Regions I* was appealed to the Tennessee Supreme Court, it denied permission to appeal on September 23, 2019. A mandate issued on October 2, 2019.

Following the remand, the parties appeared again before the trial court and a new dispute arose: whether the trial court was required to further consider the summary judgment ruling, or merely to enter an order reaching the same result that contained sufficient legal reasoning. As such, the parties appeared before the trial court for a May 29, 2020 status conference. Regions took the position that the trial court's prior ruling essentially remained in effect and that the Court of Appeals merely instructed the trial court to re-enter its order with the addition of a statement of the grounds for summary judgment. In contrast, Richards argued that the Court of Appeals set aside the grant of summary judgment in its entirety and required further consideration of whether summary judgment was appropriate. According to Richards, at the conclusion of the status conference, the trial court reserved ruling and instructed the parties to submit competing orders on the question of how to proceed.

Richards' proposed order from the May 29, 2019 status conference detailed the above dispute and would have allowed the parties to conduct additional discovery in light of what it characterized as the Court of Appeals' holding that the Alabama Statute of Frauds did not necessarily preclude Richards' affirmative defenses. Further, this proposed order ruled that the prior summary judgment order was void and that the court would consider any new or renewed summary judgment motion following an appropriate period of discovery.

Regions' proposed order took a different tactic, submitting not an order reflecting its arguments as to how to proceed following remand, but instead proposed findings of fact and conclusions of law in support of the grant of summary judgment.

On February 6, 2020, the trial court's law clerk emailed the parties that the court had reviewed the record and the proposed orders and had chosen to enter Regions' order in its entirety. Specifically, the email stated that

> [The trial court] has reviewed the record, the Court of Appeals opinion and the proposed orders presented to the Court. . . . [Regions'] Proposed Findings of Fact and Conclusions of Law in Support of Order Granting Summary Judgment articulately state his reasons for granting Summary Judgment. An Amended Order including these findings and conclusions would entirely resolve the appellate court's concerns by bringing the trial court ruling into compliance with Tenn. R. Civ. P. 56.04 by specifically addressing [Richards'] affirmative defenses.

No further discovery was allowed. Regions was directed to resubmit its proposed order as an amended order. Regions thereafter submitted a proposed order that incorporated the law clerk's above statements, as well as the proposed findings and conclusions that had previously been submitted by Regions. Although Richards did not consent to the form or substance of the order, the trial court signed the amended order on February 17, 2020. The

order entered by the trial court was in all respects identical to the order proposed by Regions. Richards again appealed.

In the meantime, execution on the judgment was not stayed pending the first appeal. As a result, post-judgment discovery occurred in the trial court, but Richards failed to comply and was held in contempt, though sanctions were reserved. Within thirty days of the entry of the amended order granting summary judgment, Regions filed an amended motion for sanctions against Richards and to alter or amend the trial court's judgment. Therein, Regions alleged the following:

3. During the pendency of [Richards'] appeal [Regions] sought post judgment discovery of [Richards'] assets, liabilities, and business pursuant to Tenn. R. Civ. Pro. 69.03.
4. Richards failed to comply with [Regions'] discovery requests. As a result, [Regions] moved the Court for orders compelling discovery, which the Court granted on April 13, 2018, April 27, 2018, and May 18, 2018.
5. When [Richards] failed to comply with those Orders, [Regions] found it necessary to move for the Court to hold [Richards] in contempt. Following hearings, in which one [Richards'] President, Gary Kennedy, testified, the Court found [Richards] in willful contempt of Court on three occasions, as set forth in the Court's orders of January 25, 2019 and May 23, 2019 (the "Second Order").
6. In the Second Order the Court reserved a ruling on sanctions pending further hearing; by this Motion [Regions] seeks those sanctions.
7. The Court of Appeals remanded the case for further consideration in accordance with its opinion, and for the entry of an order complying with Tenn. R. Civ. P. 56.04, which the Court did on February 18, 2020.
8. [Regions] seeks an amendment to that order to reflect as sanctions for [Richards'] repeated contempt, an additional and independent ordering clause striking [Richards'] Answer and Affirmative Defenses and entering judgment against [Richards] as a sanction.

Richards responded in opposition on July 15, 2020, arguing that the motion improperly raised a new and independent basis for relief. In addition, Richards argued that there was no basis for sanctions:

Richards cannot be held in contempt of [] this Court's May 9, 2019 order compelling production of discovery in aid of execution because the order was void—at least to the extent it purported to compel such production. This Court's ancillary jurisdiction over execution proceedings is predicated on the existence of a valid, final judgment. There was no such judgment on May 9, 2019, because the First Summary Judgment had been vacated. There was

- 6 -

thus no basis for execution, and this Court lacked jurisdiction to compel discovery in furtherance thereof.[5]

The trial court denied Regions' request by order of August 31, 2020. Therein, the trial court explained that "determinations as to the enforceability of discovery sanctions imposed after the underlying final order has been vacated appears to have no clear answer in Tennessee law." The trial court further noted that Richards "clearly and flagrantly defied the Court for months, regardless of the eventual remand." Regardless, the trial court ruled that the sanctions requested by counsel—striking of Richards' answer and affirmative defenses, and the entry of a default judgment—were not appropriate. Instead, the trial court ruled that

> No further determinations are needed, as all other issues and questions are moot. This case has come to its natural conclusion in this Court by the entry of the Amended Order Granting Summary Judgment, which clearly outlines the opinion of this Court as to how and why it reached its legal opinion. Striking [Richards'] Answer at this stage in the litigation serves only one purpose — to deny the Court of Appeals the opportunity to review the complete case record, including the Answer which, being a pleading in the record, this Court reviewed and to some degree relied on as it came to its decision. With humility and respect for the processes of the Tennessee Judiciary, this Court is not inclined to prevent the Court of Appeals from doing so as well.

## II.    ISSUES PRESENTED

Each party essentially raises one issue in this appeal. Richards argues that the trial court's amended order granting summary judgment is deficient and should be vacated.[6] Regions argues that Richards' post-judgment contempt should bar Richards from obtaining relief.

## III.    STANDARD OF REVIEW

---

[5] Attached to this response were two motions filed by Richards in May 2019: a motion to quash discovery and a motion to vacate the garnishment, executions, post-judgment discovery, and contempt orders due to the ruling by the Court of Appeals.

[6] Richards' brief is not fully compliant with the rules of this Court. First, Richards' brief contains no table of authorities, as required by Rule 27(a)(2) of the Tennessee Rules of Appellate Procedure. Moreover, rather than a statement of issues, Richards' brief contains a combined "statement of the case and question" that does not clearly and succinctly state the issue raised by Richards in this appeal. Instead, the final sentence of this three paragraph section states that the propriety of the trial court's amended order granting summary judgment "is the subject of this appeal." In all other ways, however, Richards' brief is fully compliant with Rule 27. Moreover, the dispositive issue in this case is readily ascertainable from Richards' brief and is supported by relevant legal authority and fully developed argument. As such, we will address the merits of Richards' arguments despite the deficiencies in its brief.

- 7 -

A trial court's "grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is de novo with no presumption of correctness." ***Bowers v. Estate of Mounger***, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017) (citations omitted). Consequently, we "must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." ***Id.*** (quoting ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015)). In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." ***Shaw v. Metro. Gov't of Nashville & Davidson Cty.***, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV. ANALYSIS

The dispositive issue in this case is whether the trial court's order is a product of its independent judgment. Summary judgment is governed by Rule 56 of the Tennessee Rules of Civil Procedure. Importantly, Rule 56.04 states: "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." In ***Smith v. UHS of Lakeside***, 439 S.W.3d 303 (Tenn. 2014), the Tennessee Supreme Court held that Rule 56.04 requires that an order granting or denying summary judgment include a rationale for the ruling that is both adequately explained and is the product of the trial court's independent judgment. ***Id.*** at 314. In ***Smith v. UHS of Lakeside***, the trial court orally granted summary judgment without providing any basis for its decision, directing counsel for one party to draft the trial court's order and provide the "rationale for the [c]ourt's ruling." ***Id.*** at 317. The Tennessee Supreme Court held that the trial court had abrogated its "high judicial function" to provide the basis for its ruling and that the basis provided by the party-prepared order would not be imputed to the trial court. ***Id.*** at 317–18. Thus, "the trial court, upon granting or denying a motion for summary judgment, [must] state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." ***Id.*** at 316. In reaching this result, the Tennessee Supreme Court noted that intermediate appellate courts need not adhere to our prior practice of "conduct[ing] archeological digs" of the record and remanding "the case only when their practiced eyes cannot discern the grounds for the trial court's decision." ***Id.*** at 314 (footnotes omitted). Rather, the court noted that in addition to issues of judicial economy, questions of whether we should soldier on in spite of the trial court's failure to comply with Rule 56.04 should also take into account "the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment." ***Id.***

Richards argues that the trial court's order was not the product of its independent judgment, but rather was a verbatim copy of the order proposed by Regions. We must agree. Here, the trial court made no additions, omissions, or alterations to the order

proposed by Regions.[7] Instead, the only basis given by the trial court for its decision prior to the order's entry came not from the trial court, but its law clerk, who wrote the parties' that Regions' order "articulately state[d] [the trial judge's] reasons for granting Summary Judgment." Respectfully, however, the trial court never gave any reasons to the parties for its decision to grant summary judgment from which Regions was to glean the trial court's reasoning. In the absence of that reasoning from the trial court, the order simply does not withstand scrutiny under either Rule 56.04 or **Smith v. UHS of Lakeside**. Instead, as the Tennessee Supreme Court clearly held, Rule 56.04 "requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." **Id.** at 316. The trial court here did not follow this mandate, but rather allowed counsel to provide the reasoning for its decision, much like in **Smith v. UHS of Lakeside**.

Regions argues, however, that the record does not actually cast doubt that the trial court conducted its own independent review of the record in reaching its decision. *See id.* at 316 ("Accordingly, reviewing courts have declined to accept findings, conclusions, or orders when the record provides no insight into the trial court's decision-making process, or when the record 'casts doubt' on whether the trial court 'conducted its own independent review, or that the opinion is the product of its own judgment[.]'") (citation omitted). In support, Regions asks us to consider, inter alia, the trial court's later ruling on its motion to alter or amend. We respectfully disagree. First, regardless of the Tennessee Supreme Court's observations of the tactics taken by reviewing courts prior to its decision, the holding in **Smith v. UHS of Lakeside** clearly requires the trial court to state the basis for its ruling "before" an order is prepared by counsel. **Id.** Indeed, our prior opinion clearly explained this requirement, noting that "[t]he trial court is *required* to state the grounds for its decision before requesting that a party prepare a proposed order." **Regions I**, 2019 WL 1949633, at *7 (emphasis added) (citing **Smith**, 439 S.W.3d at 316). Although the law clerk's email and the amended order granting summary judgment both reflect that the trial court reviewed the opinion in **Regions I**, this mandate was apparently overlooked. Moreover, the cited statements by the trial court, either before or after the entry of the amended order, do no more to illuminate the trial court's reasoning than the law clerk's earlier email. And the Tennessee Supreme Court has stressed that it is of "fundamental importance" to ensure that trial courts' orders are the product of their independent judgment, so as to "assure the parties that the trial court independently considered their arguments." **Smith**, 439 S.W.3d at 316. Unfortunately, the trial court's reluctance to state even a single legal or factual basis for its decision was an abdication of that fundamental responsibility. As such, these conclusory and non-specific statements of agreement with Regions' position do not excuse the clear failure to comply with **Smith v. UHS of Lakeside** that is present in this case. Consequently, the trial court's order must once again be vacated

---

[7] Regions' argument that a trial court is permitted to "copy a section of a party's proposed order and paste it into the court's own order" is inapposite, as the trial court adopted Regions' order wholesale.

- 9 -

for the entry of a proper order granting or denying summary judgment that (1) explains the reasoning for the decision; and (2) is a product of the trial court's independent judgment.

Regions contends, however, that the judgment in its favor can nevertheless be affirmed due to Richards' contemptuous conduct that occurred post-judgment in the trial court. Specifically, following the entry of the first order granting summary judgment, Regions propounded discovery to Richards in its effort to collect its judgment. Eventually, the trial court found Richards in contempt but reserved setting a penalty. Following the entry of the amended order granting summary judgment, Regions asked the trial court to rule that it was entitled to a default judgment as a penalty for contempt, thereby providing an independent basis for the judgment against Richards. The trial court declined to penalize Richards in that manner. Regions now asserts that the trial court should have ruled that a default judgment was a proper penalty for Richards' contempt. Under this theory, Regions apparently contends that we can uphold the judgment in Regions' favor irrespective of the fact that the trial court's amended order granting summary judgment did not comply with **Smith v. UHS of Lakeside**.

We decline Regions' invitation for a number of reasons. First, as Regions itself concedes in its brief, the determination of the proper remedy for civil contempt lies in the trial court's discretion. *See* **Hawk v. Hawk**, 855 S.W.2d 573, 583 (Tenn. 1993). As such, we do not overturn the trial court's decisions on that issue lightly. Second, other than a citation to the standard of review as to this issue, Regions cites no authority to suggest that the trial court's ruling was an abuse of discretion or to show that it was indeed entitled to a default judgment due to Richards' conduct. *See* **Sneed v. Bd. of Pro. Resp. of Supreme Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Third, this argument appears to have been raised for the first time as a motion to alter or amend. "A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments." **In re M.L.D.**, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005).

Finally, the grant of summary judgment to Regions has once again been vacated. While summary judgment may again be granted in Regions' favor, that outcome is not certain. Indeed, we take judicial notice that the trial judge in this case has retired; thus, this case will be presided over by a different judge. *Cf.* **Kathryne B.F. v. Michael David B.**, No. W2014-01863-COA-R3-CV, 2015 WL 4366311, at *17 n.17 (Tenn. Ct. App. July 16, 2015) ("We take judicial notice of the fact that the original trial judge has retired."); **State v. Tawater**, No. M2013-02126-CCA-R3-CD, 2014 WL 4809537, at *8 (Tenn. Crim. App. Sept. 29, 2014) ("We take judicial notice that the trial judge who presided over this case has retired."). This judge, in its discretion, may very well choose to allow additional briefing and/or discovery on the issue of summary judgment, as was requested by Richards following the initial remand. And the trial judge can entertain Richards' argument that no

contempt can be sustained because the judgment upon which the contempt was predicated was vacated by our earlier opinion.[8] *Cf.* ***Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.***, 249 S.W.3d 346, 355 (Tenn. 2008) ("An order is not rendered void or unlawful simply because it is erroneous or subject to reversal on appeal. Erroneous orders must be followed until they are reversed.") (internal citation omitted); ***Luttrell v. Wassenberg***, No. W2017-02443-COA-R3-CV, 2020 WL 3867131 (Tenn. Ct. App. July 9, 2020) (holding that a finding of civil contempt for violating a modified parenting plan must be vacated when the modified parenting plan was vacated on appeal for lack of sufficient findings of fact and conclusions of law). Given the very unsettled nature of this case, including the question of whether there should be a judgment to collect on, we conclude that the best option is to allow the parties to raise these issues to the trial court upon remand, if they so choose. We therefore decline to disturb the trial court's ruling as to this issue.

## V. CONCLUSION

The judgment of the Shelby County Chancery Court is vacated in part and affirmed in part. This cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee Regions Commercial Equipment Finance, LLC, for which execution may issue if necessary.


s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[8] We note that while Richards filed motions to vacate the execution, garnishments, and post-judgment contempt orders in the trial court, Richards has not raised those issues in this appeal. Nor do we conclude that these outstanding issues affect the finality of the underlying matter. *Cf.* ***First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.***, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) ("Of course, perfecting an appeal does not prevent the trial court from acting with regard to ancillary matters relating to the enforcement or collection of its judgment. For example, Tenn. R. Civ. P. 69 permits judgment creditors to engage in post-judgment discovery using the same discovery methods that are used in pre-trial discovery."); ***Thompson v. Logan***, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, at *10 (Tenn. Ct. App. Aug. 23, 2007) (noting that motions for sanctions filed before a final judgment is entered are not collateral or ancillary to the underlying proceedings, in contrast to issues involving "enforcement of a judgment, including contempt orders for failure to comply with a judgment, based as they are on post-judgment conduct and motions"); ***Poff v. Poff***, No. 01-A-01-9301-CV00024, 1993 WL 73897, at *2 (Tenn. Ct. App. March 17, 1993) ("Contempt proceedings commenced after the entry of an otherwise final order in the underlying case should be viewed as independent proceedings.").