IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 3, 2026

IN RE ISAIAH M.

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225     Suzanne Cook, Judge**

_____

**No. E2026-00272-COA-T10B-CV**

_____

Petitioner seeks accelerated review of the denial of her motion to recuse the trial judge. The trial court deemed the motion repetitive. We agree.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, P.J., E.S., joined.

A.M., Austin, Texas, pro se appellant.[1]

**MEMORANDUM OPINION**[2]

A.M. is the respondent in a termination of parental rights and stepparent adoption proceeding. Late last year, the trial court terminated A.M.'s parental rights and granted the petition for adoption. Leading up to the trial of the case, A.M. filed twelve motions seeking the trial judge's recusal. Each motion was denied, and in each instance in which A.M. sought accelerated interlocutory review of the trial judge's decision, this Court affirmed the denial of the motion to recuse. *See In re Isaiah M.*, No. E2025-01899-COA-T10B-CV, 2026 WL 445584, at *1 (Tenn. Ct. App. Feb. 17, 2026) (appeal of the denial of A.M.'s eleventh motion to recuse); *In re Isaiah M.*, No. E2025-01790-COA-T10B-CV, 2026 WL

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

[2] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

396719 (Tenn. Ct. App. Feb. 12, 2026) (appeal of the denial of A.M.'s tenth motion to recuse); *In re Isaiah M.*, No. E2025-01691-COA-T10B-CV, 2025 WL 3296807, at *1 (Tenn. Ct. App. Nov. 26, 2025) (appeal of the denial of A.M.'s seventh and eighth motions to recuse); *In re Isaiah M.*, No. E2025-01509-COA-T10B-CV, 2025 WL 3296820, at *5 (Tenn. Ct. App. Nov. 26, 2025) (appeal of the denial of A.M.'s fifth and sixth motion to recuse); *Kelly M. v. [A.]M.*, No. E2024-00629-COA-T10B-CV, 2024 WL 2564454, at *3 (Tenn. Ct. App. May 23, 2024) (appeal of the denial of a motion to recuse).

Despite the judgment terminating her parental rights being on appeal, A.M. has continued to file motions to recuse the trial judge. We recently dismissed her accelerated interlocutory appeal from the denial of her fourteenth motion to recuse, reasoning that she could raise any issues with the denial "in her brief in the appeal of the final judgment terminating her parental rights." *In re Isaiah M.*, No. E2026-00053-COA-T10B-CV, 2026 WL 555579, at *3 (Tenn. Ct. App. Feb. 27, 2026).

Here, A.M. seeks accelerated interlocutory review of the denial of her "15th Rule 10B Verified Motion to Recuse Suzanne Cook and Motion to Stay Further Proceedings Pending Disposition." Her Fifteenth Recusal Motion was purportedly "based on new and continuing extra-judicial facts that were not cured by prior proceedings and that now create an objectively reasonable question about impartiality." Specifically, A.M. pointed to "a cumulative pattern" that included:

1. Extra-judicial conduct by the presiding judge in separate Texas protective-order proceedings;
2. Sworn affidavits containing materially disputed factual assertions about [A.M.] in the Texas protective order proceedings;
3. Use of courthouse staff and institutional processes in a manner that appears adversarial and personal;
4. Reliance on pending criminal allegations/capias to shape family-court posture; and
5. Anonymous hostile letters sent to [A.M.] containing case-specific information before and after final disposition on December 2, 2025.

The trial court summarily denied the Fifteenth Recusal Motion. It concluded that the facts A.M. relied on were not new and cited specific examples where A.M. relied on the same facts in earlier motions to recuse. The trial court found that A.M. had "raised the Texas order of protection litigation in no less than three of her prior motions to recuse . . . , namely her 10th, 11th, and 13th motions to recuse."

The anonymous hostile letters were brought to the trial court's attention months before the Fifteenth Recusal Motion. Then A.M. alleged that the petitioners in the parental termination case had sent the letters. Now A.M. speculated that the anonymous letters were sent from the court. The court described A.M.'s speculation as "entirely baseless,

2

unfounded, and without any factual support." As for A.M.'s remaining grounds for recusal, the trial court described them as a "rehash[] [of] assorted arguments [A.M.] had made in her prior fourteen motions to recuse, which are cumulative, repetitive, and vexatious."

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. The rule places several requirements on the "party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record." *Id.* § 1.01. The party must act promptly upon learning of the facts that form the basis of the recusal request,[3] and if a party files multiple motions to recuse in the same case, "[a]ny subsequent motion . . . must state, with specificity, substantially different factual and legal grounds than those relied upon in support of a prior motion filed under [Rule 10B]." *Id.* "If a party fails to satisfy this requirement, the subsequent motion [to recuse] may be deemed repetitive and summarily denied." *Id.*

Based on our review, we agree that the Fifteenth Recusal Motion is repetitive. Although A.M. claims that she relied "on new and extra-judicial facts," her motion does not state with specificity how the cited facts are "substantially different" from those she has relied on in her prior fourteen motions to recuse. *Id.* So the trial court properly denied her Fifteenth Recusal Motion summarily. *Id.* § 1.03.

_____
s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[3] A motion to recuse also must come "no later than ten days <u>before trial</u>" unless good cause is shown by affidavit. TENN. SUP. CT. R. 10B § 1.01 (emphasis added). A.M. offered no reason for seeking recusal of the trial judge after the trial court effectively lost its authority to act. *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (recognizing that, "once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court"). But we note, in the appeal of the judgment terminating her parental rights and granting the petition for stepparent adoption, this Court sanctioned A.M. for filings that were repetitive, frivolous, vexatious or an abuse of the judicial process. Order, E2025-01955-COA-R3-PT (Tenn. Ct. App. Apr. 15, 2026); *see* TENN. CT. APP. R. 17.