FILED

06/04/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 6, 2026

**IN RE ISAIAH M.**

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225      Suzanne Cook, Judge**

_____

**No. E2026-00024-COA-T10B-CV**

_____

Petitioner/Mother seeks accelerated review of the trial court's denial of her 13th motion to recuse. Because a final judgment has been entered in the underlying termination of parental rights case, and Mother has appealed that judgment, issues related to the trial court's denial of Mother's recusal motion may be raised in her appeal of the final judgment. Accordingly, we dismiss this appeal.

A.M., Austin, Texas, appellant, *pro se* appellant.[1]

VALERIE L. SMITH, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

**MEMORANDUM OPINION**[2]

This appeal arises from Petitioner/Mother's 13th motion to recuse the trial judge in this termination of parental rights action. Shortly before trial on December 2, 2025,

_____

[1] In cases involving the potential termination of parental rights, it is the policy of this Court to abbreviate the full names of the children and other parties to protect their identities.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mother filed her 12th motion to recuse; the trial court denied the motion and proceeded to trial. The trial court entered its judgment terminating Mother's parental rights on December 12, 2025. On the same day, Mother filed an interlocutory appeal of the trial court's denial of her 12th recusal motion pursuant to Tennessee Supreme Court Rule 10B. In her petition, Mother stated that she had appealed the trial court's December 12 judgment "in E2025-01955-COA-R3-PT."

On December 22, 2025, Mother filed her 13th motion to recuse the trial judge. The trial judge denied the motion by order entered December 30, 2025. On January 5, 2026, Mother filed a Rule 10B appeal of the trial court's order. Following resolution of post-trial motions in the trial court, Mother filed a 14th motion to recuse; the trial court denied the motion; and Mother filed an appeal to this Court. *In re Isaiah M.*, No. E2026-00053-COA-T10B-CV, 2026 WL 555579 (Tenn. Ct. App. Feb. 27, 2026). Mother's appeal in underlying termination action is pending before this Court.

In February 2026, this Court dismissed Mother's Rule 10B appeal of the trial court's order denying Mother's 14th recusal motion. The Court concluded:

> Little can be served by addressing the denial of recusal on an accelerated basis given [Mother's] pending appeal from the final judgment. "[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court." *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (footnote omitted). Until we order otherwise, the trial judge has no further role in this matter. And the Court has already informed [Mother] that she may raise issues with interlocutory orders, like the order denying her Fourteenth Motion to Recuse, in the appeal of the final judgment.

*Id.* at \*2. For the same reasons, we concluded that dismissal of Mother's Rule 10B appeal of the trial court's order denying her 12th motion to recuse was appropriate. *In re Isaiah M.*, No. E2025-01998-COA-T10B-CV. Mother's Rule 10B appeal of the trial court's order denying her 13th recusal motion is likewise dismissed.[3]

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE

---

[3] All pending motions are hereby denied.