IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2025

**IN RE ISAIAH M.**

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225    Suzanne Cook, Judge**

_____

**No. E2025-01998-COA-T10B-CV**

_____

Petitioner/Mother seeks accelerated review of the trial court's denial of her 12th motion to recuse. A final judgment has been entered in the underlying termination of parental rights case, and Mother has appealed that judgment. Issues related to the trial court's denial of Mother's motion to recuse may be raised in Mother's appeal of the trial court's final judgment. Accordingly, we dismiss this appeal.

VALERIE L. SMITH, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

A.M., Austin, Texas, appellant, *pro se* appellant.[1]

**MEMORANDUM OPINION[2]**

On December 2, 2025, Mother filed her 12th motion to recuse the trial judge. Mother filed her motion approximately one hour before the underlying termination of parental

_____

[1] In cases involving the potential termination of parental rights, it is the policy of this Court to abbreviate the full names of the children and other parties to protect their identities.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

rights case was set to be heard. By order entered shortly before trial, the trial judge denied Mother's recusal motion. The trial proceeded as scheduled; Mother did not appear. By order entered December 12, 2025, the trial court terminated Mother's parental rights. On the same day, Mother filed a Tennessee Supreme Court Rule 10B interlocutory appeal from the trial court's December 2 denial of her 12th recusal motion. In her Rule 10B appellate petition, Mother again asserts that the cumulative effect of the trial court's orders denying her motions to recuse as repetitive and filed for an improper purpose demonstrates bias on the part of the trial judge. She also states that the trial court's final judgment is "being appealed separately in E2025-01955-COA-R3-PT."

Mother subsequently filed three additional motions to recuse and Rule 10B appeals therefrom. In February 2026, a different panel of this Court noted: "When a motion to recuse is denied, the moving party has the option of seeking 'an accelerated interlocutory appeal as of right' or raising the 'issue in an appeal as of right ... following the entry of the trial courts judgment.'" *In re Isaiah M.*, No. E2026-00053-COA-T10B-CV, 2026 WL 555579, at *2 (Tenn. Ct. App. Feb. 27, 2026) (quoting Tenn. Sup. Ct. R. 10B § 2.01. Noting that "'[p]iecemeal appellate review is not favored[,]'" this Court concluded:

> Under these circumstances, we conclude that dismissal of this accelerated interlocutory appeal is appropriate. Little can be served by addressing the denial of recusal on an accelerated basis given [Mother's] pending appeal from the final judgment. "[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court." *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (footnote omitted). Until we order otherwise, the trial judge has no further role in this matter. And the Court has already informed [Mother] that she may raise issues with interlocutory orders, like the order denying her Fourteenth Motion to Recuse, in the appeal of the final judgment.

*Id*. The Court accordingly dismissed Mother's appeal.

For the same reasons, we conclude that dismissal of Mother's Rule 10B appeal of the trial court's order denying her 12th motion to recuse is appropriate.[3]

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE

---

[3] All pending motions are hereby denied.