IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2022

## KEITH LAMONT FARMER v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Lauderdale County**
**No. 16-054   Martha B. Brasfield, Chancellor**

————————————————————————

### No. W2021-01252-COA-R3-CV

————————————————————————

Keith Lamont Farmer (the "Petitioner"), an inmate in the West Tennessee State Penitentiary ("WTSP"), filed suit against Tennessee Department of Correction ("TDOC" or "the State") after Petitioner received a disciplinary infraction. Petitioner filed a petition for writ of certiorari in the Chancery Court for Lauderdale County (the "trial court") seeking review of the disciplinary proceedings. The State filed a motion to dismiss, claiming that Petitioner's case was barred by Tennessee Code Annotated section 41-21-812. The trial court granted the State's motion, and Petitioner appealed to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Keith Lamont Farmer, Wartburg, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Garrett D. Ward, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would

This appeal arises from the dismissal of a petition for writ of certiorari (the "petition") filed by the Petitioner. All of Petitioner's pleadings are handwritten, and his claims are difficult to discern. The petition appears to stem from a disciplinary report prepared by corrections officers at WTSP on February 13, 2020. The report provides that on February 11, 2020, Petitioner approached a corrections officer at WTSP and informed her that Petitioner would drop a previously filed grievance against the officer if she would "change[] his phone back to unlimited phone calls." Based on this interaction, Petitioner was charged with "defiance" for "attempting to intimidate" the corrections officer. A disciplinary report hearing summary provides that a hearing was held on March 23, 2020. Petitioner was found guilty of attempting to intimidate the corrections officer, but it is unclear from the report what Petitioner's punishment was. Petitioner unsuccessfully appealed the infraction to the TDOC commissioner.

On June 23, 2020, Petitioner filed his petition in the trial court. Although difficult to understand, the petition seems to raise several arguments regarding the disciplinary hearing. Petitioner claimed that the corrections officers involved made false statements and were in a civil conspiracy to retaliate against Petitioner and deprive him of his rights to free speech. Petitioner also claimed that several TDOC policies were violated during the disciplinary hearing and that Petitioner's due process rights were violated. Essentially, Petitioner sought general judicial review of WTSP's disciplinary proceedings against him. Petitioner attached a certified copy of his prison trust fund account and an affidavit asking to proceed in forma pauperis. *See* Tenn. Code Ann. § 41-21-805.

On August 13, 2020, the State filed a motion to dismiss. It claimed that Petitioner owed $607.15 in unpaid court costs from another civil lawsuit filed in the Chancery Court for Bledsoe County. The State maintained that the petition was therefore subject to dismissal pursuant to Tennessee Code Annotated section 41-21-812. The State also argued that the petition should be dismissed because Petitioner "failed to file an affidavit stating a complete list of every lawsuit or claim ever filed by Petitioner, in derogation of [section] 41-21-805."

Petitioner filed several handwritten pleadings in response. Petitioner argued that the trial court "may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act . . . that creates a substantial threat of irreparable injury or serious physical harm to the inmate." The particular threat of injury or harm to which Petitioner referred, however, was unclear. Petitioner also seemed to aver that because he had been allowed to proceed in forma

have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

pauperis in a different proceeding in federal court,[2] his outstanding court costs in the Bledsoe County action did not bar the present action, notwithstanding section 41-21-812.

The trial court entered an order granting the State's motion on September 28, 2021. Petitioner filed a timely appeal to this Court on October 19, 2021.[3]

## ISSUES

Petitioner raises two issues for review, which we have slightly restated for clarity:

1. Whether Tennessee Code Annotated section 41-21-812 is unconstitutional because access to courts cannot be contingent on wealth.

2. Whether the Petitioner's claim for writ of certiorari to the trial court was cognizable.

## DISCUSSION

The trial court dismissed the petition on a motion to dismiss. The "standard of review on appeal from a trial court's grant of a motion to dismiss is *de novo*, with no presumption of correctness as to the trial court's legal conclusions, and all allegations of fact in the complaint below are taken as true." *Brown v. Ogle*, 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

As best we can discern, Petitioner argues that section 41-21-812 is unconstitutional.[4] At the outset, we note that Petitioner is proceeding pro se in this appeal, as he did in the trial court. Nonetheless, Petitioner "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the

---

[2] Petitioner attached an order granting him leave to appeal in forma pauperis from an unrelated case in the United States District Court for the Western District of Tennessee.

[3] Petitioner filed another pleading in the trial court on November 2, 2021, titled "seek relief against the above trial-court order filed on [September] 28, 2021." Because Petitioner had already perfected an appeal to this Court, however, the trial court lacked jurisdiction over the case and entered no further orders. *See First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).

[4] It is unclear whether Petitioner asserts that the statute is facially unconstitutional or unconstitutional as applied.

courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)). Pro se litigants may have "little familiarity with the rules of this Court." *City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *2 (Tenn. Ct. App. Oct. 19, 2016). "For this reason, this Court has previously stated that 'the courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.'" *Burford v. Tenn. Dep't of Corr.*, No. M2020-00575-COA-R3-CV, 2021 WL 2879523, at *6 (Tenn. Ct. App. July 9, 2021) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

Nonetheless, having reviewed the record, we conclude that Petitioner's issues lack merit for multiple reasons. First, even if we appropriately consider Petitioner's pro se status, his issues are waived for failure to comply with Tennessee Rule of Appellate Procedure 27 and for failure to raise the issues in the trial court. Second, this Court considered arguments similar to those made by Petitioner recently and soundly rejected them.

Turning first to the issue of waiver, Tennessee Rule of Appellate Procedure 27 provides, in pertinent part, that an appellant's brief shall contain "[a]n argument, which may be preceded by a summary of argument," setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a). Compliance with Rule 27 requires appropriate references to the record. *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *4 (Tenn. Ct. App. May 22, 2019). "Failure to substantially comply with Rule 27 will result in waiver of the issue on appeal." *See id.* (collecting cases). Failure to "develop any legitimate argument" may also result in waiver of issues, as "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Smith v. Hughes*, 639 S.W.3d 627, 648 (Tenn. Ct. App. 2021) (quotation omitted).

Here, Petitioner's brief is incredibly difficult to decipher, not only because it is

entirely handwritten, but also because portions of the argument appear to be long quotes from statutes and case law. Large portions of the brief lack record citations. Accordingly, Petitioner's argument is insufficiently developed for purposes of Tenn. R. App. P. 27.

Nonetheless, the very general gist of Petitioner's argument is gleanable from the brief, and "this Court gives pro se litigants a certain amount of leeway in their filings[.]" *Masserano*, 2019 WL 2207476, at *5 (citing *Hessmer*, 138 S.W.3d at 903). This Court may also "in its discretion, suspend or relax the procedural rules in a given case for good cause." *Burford*, 2021 WL 2879523, at *6 (quoting *City of La Vergne*, 2016 WL 6124117, at *2; Tenn. R. App. P. 2).[5] Assuming Petitioner's brief passes Rule 27 muster, however, the deficiencies in the brief, particularly the lack of record citations, dovetail with another issue with Petitioner's briefing. While Petitioner asserts that Tennessee Code Annotated section 41-21-812 is unconstitutional because it impedes Petitioner's access to the courts and violates the Equal Protection and Due Process clauses, the State argues that Petitioner waived these arguments by failing to raise them in the trial court. Even bearing in mind the certain amount of leeway afforded to Petitioner's filings, we must agree with the State on this point.

"'It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court.'" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 830 (Tenn. 2015) (quoting *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010)). Accordingly, issues raised for the first time on appeal are waived, and "[t]his principle applies equally to constitutional challenges." *Id.*

Petitioner did not argue in the trial court that section 41-21-812 is unconstitutional.[6] We therefore agree with the State that this issue is waived.

Out of an abundance of caution, however, we note that the primary arguments posited by Petitioner have been rejected by the courts of this State. Petitioner contends that section 41-21-812 violates Petitioner's rights to access the courts under the Tennessee Constitution,[7] as well as the Equal Protection and Due Process clauses of the United States Constitution. The statute provides in pertinent part that "a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses

---

[5] Further, the State has not asserted in its brief that Petitioner's issues are waived for failure to comply with Rule 27.

[6] Petitioner does, however, make conclusory statements in his trial court pleadings about violations of his various Constitutional rights, asserting for example that the corrections officers at WTSP conspired with one another to violate Petitioner's right to free speech. Petitioner also alleged at one point that he was subject to cruel and unusual punishment in derogation of the Eighth Amendment to the United States Constitution. Nonetheless, we agree with the State that at no point in the trial court proceedings did Petitioner assert that section 41-21-812 itself is unconstitutional.

[7] Article 1, section 17 of the Tennessee Constitution provides that "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay."

- 5 -

are paid in full." Tenn. Code Ann. § 41-21-812(a).

In arguing that section 812 is unconstitutional, Petitioner relies on *Clifton v. Carpenter*, 775 F.3d 760, 767–68 (6th Cir. 2014). In that case, section 812 was held unconstitutional as applied to bar a petitioner whose parole had been revoked from appealing the parole board's decision because he owed $1,449.15 in court costs from prior cases. In 2017, however, our Supreme Court examined *Clifton* and determined that section 41-21-812 does not offend principles of due process or equal protection. *See Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707 (Tenn. 2017). The Court distinguished *Clifton* by explaining that

> the petitioner in that case had a liberty interest at stake in the revocation of his parole. However, in this case, petitioner was already imprisoned and was requesting early release. "There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires."

*Hughes*, 514 S.W.3d at 713. The Court went on to explain that section 41-21-812

> passes rational basis review. The Tennessee court system incurs operating costs when enabling indigent inmate litigation. The state has a legitimate interest in reducing these costs and in reducing the amount of meritless inmate litigation. Based on the above discussion, section 41-21-812 is rationally related to the state's interest. The constitutional requirement of rationality is satisfied, and Tennessee Code Annotated section 41-21-812 does not offend principles of equal protection. . . . [The] petitioner had a hearing before the Tennessee Board of Probation and Parole that was not contingent upon his ability to pay any filing fees and also had the ability to appeal the board's decision within their internal system. He took advantage of the board's appellate process, and his appeal was denied by letter because the board stated, "Upon reviewing the board file and audio recording of the hearing, your allegations of misconduct and significant procedural error(s) by the Hearings Official were not substantiated." Therefore, under the facts of this case, petitioner was not denied due process.

*Id.* at 723–24. As the State aptly notes in its brief, "[a]lthough this case arises out of a [TDOC] disciplinary infraction rather than a denial of parole, the reasoning from *Hughes* is still applicable."

Even more recently, this Court considered whether section 41-21-812 violates the Tennessee Constitution's Open Courts Clause and determined that it does not. *Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-COA-R3-CV, 2022 WL 802618 (Tenn. Ct. App. Mar. 17, 2022). Relying on *Hughes*, the *Halliburton* Court reasoned that

Tenn. Code Ann. § 41-21-812 does not create a permanent barrier to inmates filing civil actions. An inmate can pay his or her outstanding fees and proceed with filing a lawsuit. If the inmate has no outstanding fees to begin with, the statute presents no hurdle. The courts remain open to inmates wishing to file civil actions, subject to a constitutionally permissible limitation in the form of a statutory requirement that inmates pay their outstanding fees in full.

*Id.* at *7.

As has been addressed at length, Petitioner's argument is underdeveloped and, in many places, indecipherable. Petitioner has not explained why the above-mentioned cases are inapplicable, despite their similarities to the case at bar. Rather, Petitioner makes the conclusory argument, without more, that *Clifton* renders section 41-21-812 outright unconstitutional. Nonetheless, we understand *Hughes* and *Halliburton* to seriously impair, if not foreclose, Petitioner's arguments.

Consequently, we are unpersuaded that Tennessee Code Annotated section 41-21-812 is unconstitutional. Discerning no error, we affirm the trial court's dismissal of the petition.

## CONCLUSION

The ruling of the Chancery Court for Lauderdale County is affirmed. Costs of this appeal are assessed to the appellant, Keith Lamont Farmer.

_____
KRISTI M. DAVIS, JUDGE