IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2025 Session

## IN RE ESTATE OF KOREY DEJUAN DUPREE

**Appeal from the Probate Court for Shelby County**
**No. PR-16278          Joe Townsend, Judge**

_____

**No. W2024-00870-COA-R3-CV**

_____

This appeal arises from a probate matter in which the trial court, inter alia, granted by default a motion for substitution of the original personal representative. The original personal representative filed a motion to vacate the default order and later filed a "Verified Petition for Temporary Restraining Order without Notice" to prevent the disbursement of funds received from a related wrongful death suit. While the motion and petition were pending, the successor personal representative petitioned to close the estate and discharge personal representative, which the trial court granted. The original personal representative appeals, contending that it was error to grant the substitution of personal representative by default due to a lack of proper notice and hearing. After a review of the record, we find that there has been no adjudication of the motion to vacate the order removing the original personal representative or the petition for temporary restraining order. Therefore, the judgment of the trial court is not final, and we must dismiss the appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J. joined.

Edward T. Autry, Memphis, Tennessee, for the appellant, Hannah Elizabeth Bleavins.

J. Anthony Bradley, Germantown, Tennessee, and Murray B. Wells, Memphis, Tennessee, for the appellees, Shalanda Rose-Snearley, Betty Dupree, and Joseph Dupree.

### OPINION

#### FACTS AND PROCEDURAL HISTORY

Korey DeJuan Dupree ("Decedent") died on February 13, 2020, at the age of 27, leaving behind no known issue and no known will. That April, his mother, Shalanda Rose-

Snearley, ("Ms. Rose-Snearley") filed an affidavit of a small estate. Then in September, attorney Hannah Bleavins ("Ms. Bleavins") petitioned to open the estate and for appointment of personal representative for the estate of an intestate decedent, supported by an affidavit and joinder from Ms. Rose-Snearley. The petition provided that the surviving heirs were Decedent's parents, Ms. Rose-Snearley and Mr. Kerry Dupree. The court issued its order opening the estate of intestate decedent and appointing Ms. Bleavins as personal representative on November 9, 2020. Ms. Bleavins gave notice to creditors and filed an annual accounting.

Then on July 8, 2022, Ms. Bleavins filed a motion to withdraw, citing a conflict of interest with counsel in Decedent's separate wrongful death suit pending in the U.S. District Court for the Western District, in which she was participating as representative of Decedent's estate. Ms. Rose-Snearley's amended petition avers that Ms. Bleavins later withdrew her motion to withdraw, and there was no order from the court in response to this motion.

Ms. Rose-Snearley later filed a petition to substitute personal representative, requesting that she be substituted for Ms. Bleavins as the successor. The petition averred that "[t]he Petitioner and the decedent's father had an irreconcilable disagreement with [Ms. Bleavins,] counsel at Williams McDaniel, PLLC, and no longer desire[d] to be represented by the law firm of Williams McDaniel, PLLC."

Ms. Rose-Snearley amended and supplemented her petition, notifying the court that Mr. Kerry Dupree, father of Decedent, had died[1] and further averred:

> 3. [Ms. Bleavins] long ago refused to communicate with Ms. Rose-Snearley and then filed a Motion to Withdraw from the Probate matter on 7-8-22. On that date, Ms. Bleavins cited a "conflict of interest" as her basis for withdrawal. She then decided to withdraw her motion on 10-24-2022 but never advised the Court how the conflict had in any way been resolved. Indeed, the only change in the posture of the case was that the underlying Federal case had been settled thru [sic] mediation.
>
> 4. Further despite an explicit contractual agreement by Hannah Bleavins and her firm to not appear in the Federal case, Mr. Autry filed a notice of appearance **after the case had been settled** nevertheless. . . .
>
> 5. In the underlying federal wrongful death case, 20-cv-02900-MSN-atc, while Mrs. Bleavins' motion to withdraw was pending, (and long-standing radio silence from Mrs. Bleavins after many attempts to contact her), Ms.

_____

[1] Upon Mr. Kerry Dupree's death, his parents (Decedent's grandparents) Betty and Joseph Dupree, Jr., became heirs at law along with Ms. Rose-Snearley.

Rose-Snearley attended mediation at the office of Darryl Gresham, with plaintiff's attorney Murray Wells, and counsel for the defense, Todd Murrah. The matter was settled.

6. And thereafter, Mrs. Bleavins decided to withdraw her motion, attempt to fire Murray Wells, remain on the probate case and attempt to have the money come into her Firm's escrow account, the same firm in which Ed Autry purports to be counsel of record. Those funds are currently being held by the Defendant in the underlying Federal Case.

.   .   .

8. There is yet no communication from Mrs. Bleavins or Mr. Autry, her counsel, with Mrs. Rose-Snearley or Betty Dupree or Joseph Dupree.

9. It would be in the best interest of all parties for the finalization of affairs to begin and for Mrs. Bleavins to be replaced by Mrs. Rose-Snearley as personal representative of the Estate of Korey DeJuan Dupree.

Ms. Bleavins filed no answer to the petition.[2]

On December 5, 2023, the trial court entered its order granting by default the petition to substitute Ms. Rose-Snearley as personal representative, finding:

3. That more than thirty (30) days have elapsed since the filing of the initial Petition to Substitute Personal Representative, and the Amended and Supplement Petition for Removal of Hannah Bleavins and her Attorney of Record and Substitution of Personal Representative, and neither Hannah E. Bleavins, Esq., nor her attorney and husband, Ed Autry, Esq., have filed any answer or response within the time allowed by law.

A week later, Ms. Bleavins filed a motion to vacate the order substituting personal representative, alleging that:

the December 5 Order was entered without proper notice to Petitioner or her counsel, Edward T. Autry, was entered without testimony from any party, was entered without any evidence to support the removal of Petitioner as

---

[2] In her reply brief, Ms. Bleavins argues that she did respond to the original petition by "forward[ing] a Motion for Rule 11 Sanctions to trial counsel for the Appellee," after which counsel amended the petition. However, there is no answer or response from Ms. Bleavins to the original or amended petition provided in the record.

- 3 -

Personal Representative and therefore without relevant facts germane to its decision in the December 5 Order.

The supporting memorandum details the circumstances surrounding the lack of notice and provides that there was neither a notice of hearing nor a scheduling order filed with the court.[3] It further indicates that the hearing was set on a date when Ms. Bleavins's counsel had indicated that he was not available and that opposing counsel emailed Ms. Bleavins and counsel fifteen minutes before the hearing to indicate that the hearing was occurring.

On May 10, 2024, Ms. Bleavins filed a "Verified Petition for Temporary Restraining Order without Notice" to prevent the disbursement of estate funds received from the separate wrongful death suit.[4] The petition indicated that the wrongful death suit was dismissed by joint stipulation on May 9, 2024, with funds dispersed to counsel for Ms. Rose-Snearley on April 6, 2024.[5]

Ms. Rose-Snearley then petitioned to close the estate and requested to be discharged as personal representative. The beneficiaries waived the filing of a final settlement, and on May 15, 2024, the court entered an order discharging Ms. Rose-Snearley and closing the estate.

This appeal followed.

### ISSUES

The sole issue raised by Ms. Bleavins on appeal is whether the trial court erred in granting by default the petition for removal of personal representative, which removed Ms. Bleavins and appointed Ms. Rose-Snearley as the successor personal representative.

For her part, Ms. Rose-Snearley raises the singular issue that the trial court "did not abuse its discretion in denying [Ms. Bleavins's] motion to set aside default judgment against [Ms. Bleavins.]"

---

[3] In the record, there is a March 6, 2023 order to set the hearing for the petition to substitute personal representative on March 20, 2023. This order is followed by the amended petition to substitute personal representative, filed on May 25, 2023. The next entry is the December 5, 2023 order granting petition to substitute personal representative by default.

[4] This petition also indicates that there was a hearing on the motion to vacate, at which Ms. Rose-Snearley and counsel were present and after which the court took the matter under advisement. There is no order in the record ruling on the motion to vacate.

[5] There is nothing further in the record addressing this petition.

ANALYSIS

Although the issues raised by the parties focus on the trial court's order to substitute personal representative by default and the subsequent motion to set aside, we do not reach these substantive issues. After a review of the record, we find that there is no order in the record from the trial court ruling on the motion to set aside, nor is there an order in the record ruling on the subsequent petition for a temporary restraining order. Consequently, there is no "final judgment adjudicating all the claims, rights, and liabilities of all parties," Tenn. R. App. P. 3(a), and as such, this court lacks subject matter jurisdiction over the appeal.

Pursuant to Rule 13 of the Tennessee Rules of Appellate Procedure, this court "shall . . . consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ." Tenn. R. App. P. 13(b). This court has explained that

> subject matter jurisdiction . . . involves a court's power to adjudicate a particular controversy brought before it. Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act . . . and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication.

*First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001) (citations omitted). Further, "[t]he lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Id.* at 141 (citing Tenn. R. Civ. P. 12.08; Tenn. R. App. P. 13(b)).

Rule 3 of the Tennessee Rules of Appellate Procedure explains:

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Without a final judgment, the judgment is not appealable, and this court, therefore, lacks the jurisdictional powers to review the matter. Tenn. R. App. P. 3(a). *See also First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d at 140.

Here, the trial court entered its order granting petition to substitute personal representative by default on December 5, 2023. One week later, Ms. Bleavins filed a motion to vacate that order and filed the supporting memorandum. This was followed by an order to set the motion for hearing, then an order continuing the hearing. However, in

the record before us, there is no order from the trial court that adjudicates Ms. Bleavins's motion to vacate the default judgment.

On May 10, 2024, Ms. Bleavins filed a "Verified Petition for Temporary Restraining Order without Prejudice." That petition contains the following averments pertaining to the hearing for the motion to vacate:

4. On February 27, 2024, this Honorable Court entered an Order Setting Hearing Date, therein setting a hearing date on Petitioner's Motion to Vacate Order for March 4, 2024.

5. On March 4, 2024 an initial hearing was held before this Honorable Court to address Petitioner's Motion to Vacate Order. Shalanda Rose-Snearley and Murray Wells, counsel for Shalanda Rose-Snearley, were present during the March 4, 2024 hearing.

6. On March 4, 2024, at the Court's instruction, the hearing was continued to require Hannah E. Bleavins to be physically present at the hearing.

7. On March 11, 2024, a subsequent hearing was held on Petitioner's Motion to Vacate Order. Shalanda Rose-Snearley and Murray Wells, counsel for Shalanda Rose-Snearley, were present during the March 11, 2024 hearing.

8. During the March 11, 2024 hearing, this Honorable Court took the matter under advisement, indicating to the parties he would issue a written opinion adjudicating Petitioner's Motion to Vacate Order.[6]

9. As of the date of the filing of this Petition, no written opinion adjudicating Petitioner's Motion to Vacate Order has been entered.

While this court only accepts the above details for what they are, averments from Ms. Bleavins, there is no order from the trial court ruling on the motion to vacate. Nor is there any adjudication of Ms. Bleavins's petition for a temporary restraining order.

_____

[6] Ms. Bleavins argues in her reply brief, "[T]he Technical Record makes clear that the Trial Court never actually held a hearing on the Appellant's Motion to Vacate the Order Granting Appellee's Petition to Substitute Personal Representative by Default nor entered an order denying the relief requested by Appellant." While this contradicts her averments in the petition for temporary restraining order stating that multiple hearings were conducted, whether or not a hearing was held is ultimately immaterial to our dismissal of this appeal.

Ms. Rose-Snearley declares in her brief, "Whether the Trial Court abused its discretion in denying Appellant's Motion to Vacate the Judgment in this matter is the initial and only issue which has to be decided."[7] However, based on the record before us, the trial court did not rule upon the pending motion.

As our Supreme Court has explained:

> A final judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Such an order is interlocutory or interim in nature and generally cannot be appealed as of right. *Id.*

*In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003).

As such, the trial court has not resolved all the issues in the case. Consequently, there is no final order. *See id; see also* Tenn. R. App. P. 3(a). Accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

## CONCLUSION

This appeal is dismissed for lack of subject matter jurisdiction, and the cause is remanded to the trial court for further proceedings. Costs of appeal are assessed jointly and severally as follows: one-half against the appellant, Hannah Elizabeth Bleavins, and one-half against the appellees, Shalanda Rose-Snearley, Betty Dupree, and Joseph Dupree.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[7] Ms. Rose-Snearley's brief also notes: "This appeal stems from a trial court's denial of a Rule 60.02 motion to vacate a default judgment. (See Record at - )" There is no such order in the record.